## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GWEN WALTON,

                Plaintiff,

v.

GEORGIA DEPARTMENT OF
COMMUNITY AFFAIRS; and

SCOTT KUBIE, HUMAN
RESOURCES DIRECTOR,

JILL COLLINS CROMARTIE, HFD
DIRECTOR, in their individual and
official capacities.

                Defendant.

Civil Action No.

Jury Trial Demand

## COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

Plaintiff, by and through undersigned counsel, Jesse Kelly P.C., files this

Compliant for Damages, and Equitable Relief, against Defendants

## INTRODUCTION

This is a case of employment discrimination, retaliation, and hostile work

environment. Defendants discriminated against Ms. Walton because of her race,

sex, age, and disability. Defendants further discriminated against Ms. Walton when

they subjected her to reprisal and a hostile work environment base on filing an

EEOC charge and requesting FMLA. Ms. Walton seeks loss compensation and economic benefits of employment, liquidated damages, and her reasonable attorney's fees and cost.

## JURISDICTION AND VENUE

### 1.

Plaintiff's claim presents federal questions against a public sector employer and officials which this Court has jurisdiction pursuant to 28 U.S.C. §1331, and all prerequisites have been met. This suit is properly before this Court.

### 2.

Plaintiff timely filed an Equal Employment Opportunity Commission (EEOC) charge in August 2019. Plaintiff received her right to sue on July 9, 2021.

### 3.

Plaintiff timely brings the above-entitled Complaint within 90 days of her right to sue notice.

### 4.

Venue is proper to pursuant to 28 U.S.C. §1391, as the violations of Plaintiff's rights occurred in the Northern District of Georgia. Venue is also proper under 28 U.S.C §1391(b) and (c), as every act of which Plaintiff complains occurred in the United States District Court for the Northern District of Georgia.

## ADMINISTRATIVE PROCEEDINGS

5.

Ms. Walton timely filed an EEOC charge (No.: 11B-2019-00124) within

180 days the last unlawful acts or omissions by Defendant that led to injuries and

adverse employment actions forming the basis of the allegations herein. As set

forth above, Plaintiff received her right to sue on July 9, 2021.

**PARTIES**

6.

Ms. Walton was a full-time employee with the Georgia Department of

Community Affairs at all relevant times. During this period Plaintiff served as an

Administrative Assistant in Atlanta, Georgia. Ms. Walton is a resident of Fulton

County, GA and is a citizen of the United States.

7.

Plaintiff is a "qualified individual with a disability" as that term is used and

defined by ADA, 42 U.S.C. §12102(1) and §12111(8).

8.

Plaintiff is a person with a disability because she has an actual physical

impairment (hydronephrosis) causing substantial limitation in one or more major

life activities, has a record of such impairment, and because she was regarded as

having such an impairment.

9.

Defendant, DCA is an employer within the meaning of 42 U.S.C. §200e(b) and the ADA, 42 U.S.C. §12111(5) and has an office in Dekalb County, Georgia.

10.

Defendant, Scott Kubie, was the Human Resources Director with DCA at all relevant times.

11.

Defendant, Jill Collins Cromartie, was the HFD Director with DCA at all relevant times.

## **FACTS**

Plaintiff is an African American female over the age of 40 years.

12.

Plaintiff began her employment with DCA on November 16, 2000, as an Assistant Administrator in Atlanta, Georgia.

13.

In that time, Plaintiff was never promoted or offered a promotion through competitive selection.

14.

In 2017, Plaintiff filed her first charge of discrimination with EEOC due to non-selection of the agency's Compliance Officer position.

15.

Between 2017 and 2019, Plaintiff avers that DCA denied her a state-mandated pay increase twice.

16.

On or around August 2019, Plaintiff was not interviewed for a Federal Compliance/Environmental Specialist position though meeting the qualifications.

17.

Until 2019, Plaintiff's request for FMLA related to her ongoing serious health conditions (hydronephrosis and elevated blood pressure), were routinely approved by DCA.

18.

In early August 2019, Plaintiff applied for FMLA and was provided incorrect paperwork. DCA officials then spent an inordinate amount of time to "verify information" without further detail.

19.

Despite numerous inquiries, Plaintiff's request for FMLA was never approved.

20.

On August 8, 2019, Plaintiff filed her second charge of discrimination with the EEOC based on her perceived discrimination related to race, sex, age, disability, and retaliation.

21.

In August 2019, Plaintiff was placed on a Performance Improvement Plan (PIP) citing three concerns by Jill Collins Cromartie. Though Ms. Walton rebutted each of the cited concerns, Cromartie never responded, and the PIP remained in effect.

22.

Between September through December 2019, DCA assigned Plaintiff task that she had no prior training.

23.

As such, DCA also denied Plaintiff numerous opportunities for training in 2019. Specifically, Ms. Walton was denied training for the Georgia Affordable Conference in March 2019; the Fair Housing Training in April 2019; and the LIHTC Training in October/November 2019.

24.

On December 3, 2019, Plaintiff was terminated by Scott Kubie, and Jill Collins Cromartie for alleged performance deficiencies. After her termination, Defendants failed to provided Plaintiff with her legally mandated tax records.

6

COUNT I
DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE
VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED.

25.

Ms. Walton incorporates by reference the preceding Paragraphs as if fully reinstated herein.

26.

Plaintiff is a protected class member.

27.

In her time at DCA, Plaintiff was both a qualified Administrative Assistant and qualified for the jobs she applied.

28.

Despite her qualifications, Plaintiff was routinely denied advancement.

29.

Plaintiff contends that DCA treated employees outside of her protected race more favorably about mistakes made, opportunities for promotion, and opportunities for training. Particularly, Plaintiff cites Stephen Vlkovic, a white male employee, that never faced penalty or reprimand for having a past due invoice that dated back several months.

COUNT II

<u>SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE
CIVIL RIGHTS ACT OF 1964, AS AMENDED.</u>

30.

Ms. Walton incorporates by reference the preceding Paragraphs as if fully reinstated herein.

<u>COUNT III
AGE DISCRIMINATION IN VIOLATION OF THE AGE
DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED.</u>

31.

Ms. Walton incorporates by reference the preceding Paragraphs as if fully reinstated herein.

32.

Plaintiff was terminated by DCA less than one year before she was due to receive retirement benefits.

33.

At various times before her termination in 2019, Plaintiff was denied training opportunities which often went to younger candidates.

<u>COUNT IV
DISABILITY DISCRIMINAITON IN VIOLATION OF THE
AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED.</u>

34.

Ms. Walton incorporates by reference the preceding Paragraphs as if fully reinstated herein.

35.

Plaintiff suffers from hydronephrosis, a physical impairment characterized by excess fluid in one or both kidneys.

36.

Plaintiff's condition substantially limits more major life activities such working, walking, and sitting.

37.

Plaintiff has a record of being regarded as having this disability impairment with DCA since 2006.

COUNT V
HOSTILE WORK ENVIRONMENT DISCRIMINATION IN
VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS
AMENDED.

38.

Ms. Walton incorporates by reference the preceding Paragraphs as if fully reinstated herein.

39.

Plaintiff contends she was subjected to severe unwelcome conduct when her supervisor Jill Collins Cromartie joked that her maternal grandfather was a Grand Wizard of the Ku Klux Klan.

## COUNT XI
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

40.

Ms. Walton incorporates by reference the preceding Paragraphs as if fully reinstated herein.

41.

Plaintiff engaged in protected activity on August 8, 2019, when she filed her second EEOC charge against DCA.

42.

Defendant subjected Plaintiff to materially adverse employment action when it terminated her on December 3, 2019.

43.

The temporal proximity between Plaintiff's protected activity and Defendant's adverse employment action creates a causal nexus between the two.

## COUNT XII
## IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

44.

Ms. Walton incorporates by reference the preceding Paragraphs as if fully reinstated herein.

45.

Plaintiff avers that Defendant officials, in their individual capacity, improperly delayed/denied her right to FMLA for a serious health condition.

46.

The temporal proximity between Plaintiff's protected rights under FMLA and Defendant's adverse employment action give rise to an inference of retaliatory intent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

A. That this Court take jurisdiction of this matter

B. That the Court award lost compensation and economic benefits of employment to the Plaintiff in the amount to be determined by the trier of fact;

C. That the Court award Plaintiff her cost of litigation in this action and her reasonable attorney's fees.

D. That the Court grant Plaintiff the right to have a trial by the jury on all the issues triable to a jury; and

E. That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 7th day of October 2021.


**JESSE KELLY PC**
By:   /s/ Jesse L. Kelly
Jesse L. Kelly, Esq.
Georgia Bar No. 935869
355 Lenox Road Suite 1000
jesse@jkellypc.com